the matter of Marina Perez v. David C. Banks, New York City. Good, still good morning, Attorney Moon. I'm sorry, Attorney Lancia, Nicole Lancia, please the court. Thank you. You have reserved two minutes for rebuttal. We proceed. I represent the appellant, Marina Perez, on behalf of her child, a child with disabilities, CP. We are seeking a reversal of the district court's denial of the plaintiff's motion for summary judgment and ask that this court award CP compensatory education in the form of extended eligibility to receive special education services that I bring, the school that he attends, for four years until the age of 25. Now, the district court's decision was clearly erroneous for a few reasons. It was based entirely on a perceived non-existent agreement, lack thereof, between the impartial hearing officer's decision and the state review officer's decision. Essentially, the district court believes that by not addressing and not stating that there was no, that there was a gross violation of the IDEA, that they both had found that there was no gross violation of the IDEA. Do you concede that there needs to be a finding of a gross violation in order to award compensatory damages? No, Your Honor. It may, the compensatory education services, compensatory education, may be awarded where there is a gross violation, but my understanding of the case law is that where there is a denial of the fate, based on the state officers, such as the IHO's broad discretion in fashioning a remedy, that compensatory education and or extended eligibility are appropriate remedies and especially... What case do you have that stands for the proposition that you don't need a gross violation? Yes, Your Honor. I believe that that was in just looking at our brief. You can, you know, let us know on rebuttal. Let us know on rebuttal. I don't want to take your argument time. I do have one, two hopefully quick questions, if I can ask them. Oh, in the case, well, it's under the statute, 1415 subsection I2C3, 34 CFR section 300, 516C3, and also the school committee of the town of Burlington. But do you have a case that stands for the legal proposition that you don't need a gross violation? Oh, that you don't need a gross violation? Yes. I don't have a case that specifically states that. Okay. This case is heart-wrenching from, you know, any angle that you look at because of, you know, it's just incredibly difficult, I'm sure, for both sides. I have two very quick questions. One is, do you disagree that both, neither the hearing officer nor the SRO, the IO or the SRO, found a gross violation, explicitly found a gross violation? They did not find either way, whether there was or was not. That was not stated. There's no mention of a gross violation? Correct. I do have a question just, and if I'm going outside of the record, please don't answer it. But it's my understanding that once an appeal is filed like this, there is an ability to have extended eligibility for I-BRAIN. So has this appellant or the CP continued to receive services at I-BRAIN on an extended eligibility, either until the age of 23 or because there has been a, there's a term they call suspension or something like that. Can you? I'm actually not sure whether it was actually, whether it was ever implemented and that whether the student has received the extra four years of extended eligibility. No, I'm asking whether he's currently there paid, but perhaps the Board of Education or the city can address that question. Sorry, go ahead. No, not a problem, Your Honor. Apologies, but I don't have that information. So to, I believe Your Honor's point, regardless of whether there was not a finding that there was no gross violation, under the standard of review, we would still submit that the district court clearly erred in one finding that there was some agreement between the two state officer, the state review officer and the IHO when there wasn't. And then blindly deferring to the SRO's decision, even though one, it was not the decision and the conclusions that the district court made and then the SRO made were not matters of educational policy. So no deference was owed. But also the IHO's decision was the more well-reasoned decision and the court, if it was going to defer on any question, it should have deferred to the IHO's decision. Now, of course, Your Honors are aware that Your Honors review the record de novo and review the district court's factual findings for clear error, which we submit that that does exist here. Because as Your Honor pointed out, there was no such agreement, there was no such finding either way as to a gross violation. And we submit that gross violation is not necessary. But I guess to that extent, if this court were to disagree and to say, yes, there must be a finding of a gross violation in order for the IHO, the SRO or the district court to have been able to even fashion a remedy granting the plaintiff's request, then in the alternative, that issue should be remanded to the district court, who should then remand it to the IHO to actually address that issue specifically. For our purposes, is there a difference between compensatory education and extended eligibility? Yes, Your Honor. There is a distinction that we highlighted in our brief and I believe was addressed in the underlying decisions as well. Compensatory education services are the educational programs or services that can be provided to a student after their eligibility for special education has already expired. So it's prospective equitable relief to remedy an earlier deprivation or denial of free appropriate public education, such as what happened in this case. Extended eligibility extends the school district's statutory obligations to provide special education to the student. So it's an obligation to, on an annual basis, hold a CSE meeting and develop an individualized education plan for the student. So they're separate in that regard. However, as was the case here by the IHO and what we're still requesting here in seeking your court's reversal of the Southern District's decision, extended eligibility for four years until the age of 25 may be a form of compensatory education. But those two terms are distinct. Could you address, please, the statute of limitations issue, which seems to be a matter of days? Is it? Yes. So my understanding is that, what's the statute of limitation issues? Do you mean the one that was considered by the... Two years from discovery of a gross violation. Okay. Yes. So my understanding is that as the IHO found and the IHO, I guess, misapplied, misinterpreted it. The plaintiff was found to have been barred in raising her legal claims as to the denial of a fate for all of the school years up until the 21-22 school year. But that doesn't mean that the facts underlying the DOE's denial of a fate, namely its failure to evaluate to diagnose the cortical vision impairment, which resulted in denial of fate, even for the 21-22 school year. It doesn't mean that those facts cannot be considered, even if the legal claims that DOE had denied a fate for each of those school years were time barred. I see my time... You're not... Are you challenging the... Even the hearing officers finding that those claims were barred by the statute of limitations? No. From, I believe it was 2007, 2008, 2018, 2019, academic years? I don't believe in this appeal that that is being challenged. I believe the plaintiff made those arguments below, but because she was ultimately awarded the extended eligibility until the age of 25, that's not something that could have been appealed to the SROs. The plaintiff didn't appeal that. Well, you could have appealed the finding for the compensatory damages, right? Yes, Your Honor. Yes, that was appealed to the IHO. Here, where the IHO had denied the plaintiff's request for compensatory education services, and we're saying here that CP is entitled to those. So, yes, we are doing that. All right. I didn't think that you had appealed the statute of limitations. Not the statute of limitations. Right. No. And so, both the hearing officer said, as to those years the statute is run, I can't award compensatory damages as to those years. You didn't appeal that aspect of the statute. No, not the IHO's denial of the request to award tuition reimbursement for those years. No. Thank you. Good morning, Your Honors, and may it please the Court. Chloe Moon on behalf of DOE. The District Court correctly upheld the SRO's decision denying compensatory education to the plaintiff. We think the best way to look at this, and I think this might get at some of the parts based on the two separate due process complaints that were initially brought, those for the earlier years, which the IHO found to be barred by the statute of limitations, and which plaintiff never appealed and so has abandoned, and the 2021-22 school year. So, there were two separate complaints filed. Yes, Your Honor. And then they were joined. They were consolidated. And the HO dismissed the one for the earlier years. Correct. And the one on the second. Yes, Your Honor. I apologize. And the one for the earlier years was the only one that sought compensatory education. The claim on 2021-22 didn't even seek compensatory education. It only sought full reimbursement at I-BRAIN, which is exactly the relief that was rewarded here. And the services that I-BRAIN, the plaintiff has conceded, were the full services that the student needed. You can understand how compelling this is and try to look through the record. Again, I don't want to go outside of the record of when. There was some reference that mom didn't think the child needed vision screening earlier on. Couldn't exactly determine when. We know that I-BRAIN, from the current record, appears to have found this cortical vision impairment, and that the 2021 was asked to services for that, to address that issue. And there was a rejection of not providing musical therapy or something, but that seems to have been abandoned. It's unclear how long a condition like this can exist, when it was first detected, when it was first, certainly it was first learned when mother, when the plaintiff here has her child, then child, now adult, young adult, evaluated. I guess I'm trying to understand why, if the court doesn't find, if the I-O didn't find a gross violation expressly, why isn't there enough to find gross violation implicitly? Because the hearing officers seem to say this is so fundamental a problem that it has impacted the child's education, and therefore, for compensatory relief, we should extend eligibility to 25, not 27 or 28, as mom requested. I think the problem goes back to the statute of limitations finding here, because we didn't get an adjudication of what the services that were deprived of for those earlier years. We don't know specifically how inadequate any of those services were, because those claims were dismissed as a whole. But we know there were never services given for this condition, correct? So is the fact that the hearing officer found this to be so fundamentally impactful to this young adult's ability to make progress, that that should warrant compensatory damages longer than just the year? I think the problem here is that it's a mismatch between the complaints that were barred by the statute of limitations, and for which compensatory education was sought, and the only year that they actually have a surviving claim for which all services were provided. And I could see a situation in which there was a continuing violation with no break, like we have here. We have a break between these two periods. But that's just not this case, where you're getting a full reimbursement at a private institution. So there is no, there's not been no gross violation. There's no violation for the year that is still in the case. I understand your argument that one year of not addressing a vision problem doesn't warrant four years of compensatory damage or compensatory relief for eye-brain school. Can I ask you just practically, if it's a matter, I know it's in the record that there was a request to continue paying for eye-brain during the pendency of the hearing. Has that occurred? I do not know, and I apologize, I don't have it in there in my knowledge of the record. Is there an ability to get expended, and I did inquire, this matter went to CAMP and it could not be resolved in CAMP, the mediation? Yes, Your Honor. Okay. Is there a way for Ms. Pérez to request extended eligibility for CP until the age of 23? Because there seems to be a separate mechanism for doing that. And is that still available? I'm not sure, Your Honor. I mean, I think the problem here is, again, the due process complaint for the 2021-22 year, there are two different forms of compensatory education. There's the educational programs or services at the district's expense after special education expires otherwise, and there's the form of extended eligibility, extending statutory applications. Part of the problem here is that the IHO's finding of allowing for further compensatory education is kind of conflating those two, because it's providing extended eligibility without the continued IEP process, the CSE input, and just purely at I-BRAIN. So that's part of the problem here, is we have not only duplicative remedies with respect to full tuition reimbursement at I-BRAIN, there's also a duplicativeness of the extended eligibility award here that doesn't make perfect sense based on this record. And I just say, as to the visual services, because those weren't adjudicated, again, because of the bar of statute of limitations, we just don't have the record development here for any of the claims that they are now trying to bring in through a challenge to a statute of limitations bar that they never appealed and have abandoned. Unless this court has any further questions, we ask the court to affirm. Seeing none, thank you, counsel. Attorney Lancia, I believe you reserve two minutes for rebuttal. Thank you. Thank you, Your Honor. I just want to address a few points raised by opposing counsel. And I think it goes to Your Honor's question, pointed at the issue of whether there was a finding of gross violation of the IDEA. That's correct, there was no explicit finding. But I think what Your Honor may have been getting at is that, as thoroughly and adequately discussed at length in the IHO's decision, she went through how CP should be much further along than he was currently. Given his advanced age, it would be difficult for him to ameliorate the existing delays caused by DOE's failure to properly address his CBI. He's entitled to significant remediation and then ordering and awarding extended eligibility for four years until the age of 25. I think the reasonable inference to draw from that is that there was a gross violation, even if it wasn't explicitly stated. I think that this court would be well within its discretion and within the bounds of logic and reason to find that that was implicitly a minimum finding. As to opposing counsel's argument that the claims for extended eligibility and compensatory education services, you know, basically would not, or actually were duplicative, they're not duplicative remedies. Because as I was explaining in answering Your Honor's question earlier regarding the difference between compensatory education services and extended eligibility, one is the actual programs and services that would help provide the significant remediation and amelioration of the existing delays caused by DOE's failure to diagnose this problem of deficit for 12 years. The problem is that I didn't see in the record when this condition, we're assuming it was for 12 years, there's nothing in the record. Is there anything in the record, because I couldn't find it, that says when this condition began? Not when it was diagnosed, I know it was diagnosed by someone at Eyebrain, but when it began? I'm looking at the IHO's decision to see when the CBI began. I don't know that that was a finding of fact, but it is a finding of fact on page 26 of the appendix that the DOE was aware that the student had received vision education services from ages six to seven. From ages six to seven. Right, so there was an awareness that there was an issue. But I think, so I might, what's the sentence that precedes what you just read? I'm sorry? This is part of, this comes from the 056.1 statement. It's also quoted on page four of your brief. What's the sentence that precedes the part that says the DOE was aware of this when he was ages six to seven? The school psychologist confirmed that the DOE did not recommend vision education services because the mother said her son's vision was okay and was improving. Yes, the mother is not a medical expert, nor should she have been expected to be, which is well settled. And the problem really is that DOE did not conduct its own evaluation of CP, which it was required to, as part of its statutory obligations in convening the CSC and doing an individualized education plan on an annual basis. So, I hope that answers your questions. I know that my time is up, so I just want to briefly conclude by asking this court to recognize the atrocious failure on the part of the DOE to diagnose this CVI, which in failing then to recommend vision education services has delayed this child's development and education so much that really the best remedy, and I mean to the extent that it's even sufficient to try to ameliorate the problem, really is to award the extended eligibility until the age of 25 and find that CP is entitled to compensatory education services and reverse the district court's denial of plaintiff Marina Perez's motion for summary judgment. Thank you, counsel. Thank you to both sides. We'll reserve decision on this matter. That concludes the arguments for today, so I want to thank our courtroom deputy, our CSOs, and I'll ask our courtroom deputy to adjourn. Court stands adjourned. Thank you.